## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 10-222** |
| **ALVIN MINGO** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Alvin Mingo's ("Mingo") motion[1] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion is denied.

### I.

On March 17, 2011, Mingo pled guilty to counts 1, 12, 16–19, 21, and 25–27 of the superseding indictment, which charged him with one count of conspiracy to possess with the intent to distribute fifty grams or more of cocaine base and five hundred grams or more of cocaine hydrochloride, six counts of use of a communications facility in furtherance of a drug trafficking crime, one count of possession with the intent to distribute a quantity of cocaine hydrochloride, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon.[2]

On September 6, 2012, the Court sentenced Mingo to a term of 216 months in the custody of the Bureau of Prisons ("BOP") to run consecutively to the sentence he

---

[1] R. Doc. No. 953.
[2] R. Doc. No. 233, at 1–2, 5–8, 10–11; R. Doc. No. 314.

was already serving for a prior federal conviction of possession with the intent to distribute between five and fifty grams of cocaine base.[3] The Court also imposed an eight-year term of supervised release.[4]

## II.

In relevant part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the prisoner has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction."[5] 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Mingo does not assert that he has submitted a request to the warden of the facility at which he is being held. Instead, he argues that "[b]ecause of the prison's understaffed ability to process requests for emergency relief, the Petitioner .

---

[3] R. Doc. No. 537, at 2; *see* Docket No. 03-293, R. Doc. Nos. 1 & 15.

[4] R. Doc. No. 537, at 3.

[5] As Mingo is not at least seventy years old, 18 U.S.C. § 3582(c)(1)(A)(ii) does not apply. *See* R. Doc. No. 506, at 5.

. . does not have time to wait on the steps provided by the BOP."[6]  In light of the threat that COVID-19 poses to his health, Mingo maintains that he should be excused from any exhaustion requirement.[7]

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point").

Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a sentence reduction. "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

Accordingly, Mingo's motion is not properly before this Court because he has not shown that he either "fully exhausted all administrative rights" or "the lapse of

---

[6] R. Doc. No. 953, at 1.
[7] *Id.* Mingo contends that because he is African-American and suffers from high blood pressure and hypertension, he is at greater risk of death if he contracts COVID-19. *Id.*

30 days from the receipt" of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A).

### III.

Accordingly,

**IT IS ORDERED** that Mingo's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, May 8, 2020.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**