UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 10-222 |
| ALVIN MINGO | SECTION I |

**ORDER AND REASONS**

Before the Court is *pro se* petitioner Alvin Mingo's "Motion to Correct an Illegal Sentence and to Proceed [in Forma Pauperis]."[1] The motion seeks relief on several bases. First, the petitioner seeks review of his sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391 (Dec. 21, 2018).[2] Second, the petitioner challenges the constitutionality of his sentence.[3] Third, the petitioner requests appointed counsel to represent him in this matter.[4] Fourth, the petitioner requests to proceed *in forma pauperis*.[5]

For reasons set forth below, the Court will refer the motion to the First Step Act Committee for consideration of the petitioner's request for relief pursuant to Section 404 of the Act. Further, the Court will construe the petitioner's constitutional claim as a motion to vacate, correct, or set aside the petitioner's sentence, pursuant to 28 U.S.C. § 2255; because Mingo has previously filed a Section 2255 petition and the Fifth Circuit has not granted Mingo permission to file a second or successive

---

[1] R. Doc. No. 982.
[2] R. Doc. No. 982 at 4–5.
[3] R. Doc. No. 982 at 3–4.
[4] R. Doc. No. 982 at 1–2.
[5] R. Doc. No. 982 at 8.

petition under Section 2255, the Court will transfer this motion there for further proceedings. Finally, the Court will deny the motion for appointed counsel, and deny the motion to proceed *in forma pauperis* as moot.

## I.

Petitioner Mingo seeks review of his sentence under Section 404 of the First Step Act.[6] The United States District Court for the Eastern District of Louisiana has established the First Step Act Committee to review whether certain defendants are eligible for a sentence reduction under the Act. *See General Order, In Re: First Step Act*, U.S. District Court for the Eastern District of Louisiana, Jan. 29, 2019.[7] The government has requested that the Court refer petitioner Mingo's motion to the First Step Act Committee for consideration, because the petitioner has not previously sought relief under this section.[8] The Court will do so.

## II.

Petitioner Mingo also seeks a correction of his sentence on the basis that it is unconstitutional.[9] Section 2255 allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct his sentence, in the court that imposed the sentence, when that prisoner claims a

> right to be released upon a ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

---

[6] R. Doc. No. 982 at 4–5.
[7] R. Doc. No. 984, Exh. A.
[8] R. Doc. No. 984 at 2.
[9] R. Doc. No. 982 at 3–4.

28 U.S.C. § 2255(a). However, a district court should not consider an application for a writ of habeas corpus "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) "requires a prisoner to obtain authorization from a federal court of appeals in his circuit before he may file a 'second or successive' habeas application in federal district court." *United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)).

This requirement applies "regardless of how a motion is styled." *United States v. Richardson*, No. 13-2, 2017 WL 785269, at *2 (E.D. La. Mar. 1, 2017) (Africk, J.). Thus, "a court must review post-judgment motions 'to determine whether they are, in fact, second-or-successive habeas petitions in disguise.'" *United States v. Helmstetter*, No. 92-469, 2021 WL 2711089, at *2 (E.D. La. July 1, 2021) (quoting *Richardson*, 2017 WL 785269, at *2; *In re Jasper*, 559 F. App'x 366, 370–71 (5th Cir. 2014)).

Petitioner Mingo raises, among other things, a double-jeopardy challenge to his sentence.[10] Although he does not style his pleading as a Section 2255 motion, the Court must nevertheless treat this part of his motion as such, because Section 2255 provides the vehicle for a prisoner to challenge the constitutionality of his sentence.

---

[10] R. Doc. No. 982 at 3–4.

Mingo has already filed a Section 2255 motion,[11] so the Court construes the present petition in part as a motion for authorization to file a second or successive § 2255 petition. So construed, this Court lacks jurisdiction over it. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (describing this as a "jurisdictional bar to the district court's asserting jurisdiction").

The Court will therefore transfer Mingo's petition to the U.S. Court of Appeals for the Fifth Circuit for further proceedings. *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (noting a district court in these circumstances "may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court"); *United States v. Booty*, No. 07-182, 2012 WL 2061628, at *1 (E.D. La. June 7, 2012) (Africk, J.) (construing motion to reconsider Court's previous Section 2255 ruling as a motion to authorize the filing of a successive Section 2255 petition and transferring to the Fifth Circuit).

### III.

The Court will deny the petitioner's request[12] for appointed counsel in this matter. There is no constitutional right to appointed counsel in post-conviction

---

[11] R. Doc. No. 675. *See also United States v. Mingo*, No. 10-222, R. Doc. No. 686, 2014 WL 4443485, at *1 (E.D. La. Sept. 9, 2014) (Africk, J.) (dismissing Mingo's Section 2255 motion with prejudice).
[12] R. Doc. No. 982 at 1–2.

proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *see also, e.g., United States v. Gheith*, No. 14-69, 2020 WL 7389277, at *1 (E.D. La. Dec. 16, 2020) (Africk, J.). Mingo has previously appealed his sentence,[13] and thus does not have a right to appointed counsel in this matter.

The Court has discretion to appoint counsel for individuals seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). *See also, e.g., United States v. Brown*, No. 13-243, 2020 WL 5095329, at *5 (E.D. La. Aug. 28, 2020) (Vance, J.). The interests of justice do not require that counsel be appointed where a motion does not involve "complicated or unresolved issues." *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010).

The interests of justice do not require that the Court appoint counsel for Mingo. His pleading, which seeks certification for consideration of a second or successive claim under 28 U.S.C. § 2255 and review of his sentence under Section 404 of the First Step Act, does not raise complex or unresolved issues of law.

## IV.

Finally, because the petitioner's requests for Section 2255 certification and First Step Act review under Section 404 do not require the petitioner to pay any fees, it is unnecessary for the petitioner to proceed *in forma pauperis*.

Accordingly,

---

[13] *See* R. Doc. No. 672.

5

**IT IS ORDERED** that the petitioner's request for the appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to proceed *in forma pauperis* is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Mingo's motion be construed in part as a motion for certification for this Court to consider the second or successive claims raised therein. Accordingly, this motion shall be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this Court.

**IT IS FURTHER ORDERED** that this motion shall be and hereby is **TRANSFERRED** to the First Step Act Committee for consideration of petitioner Mingo's request for relief pursuant to Section 404 of the First Step Act. The Clerk of Court shall provide copies of this order and petitioner Mingo's motion to the United States Attorney's Office and the Office of the Federal Public Defender.

New Orleans, Louisiana, September 17, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**